# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2010 JUN 30 PM 1: 17

CLERK

BY_____PM_____
DEPUTY CLERK

AZAEL DYTHIAN PERALES           )
POST OFFICE BOX 501             )
FULLERTON, CALIFORNIA 92836     )
(714) 507-9318                  )
      **PLAINTIFF(S)**        )
                                )
                                )
      v.                      )
                                )
                                )
UNITESD STATES TAX COURT        )
(JOHN O' COLVIN) Chief Judge    )
400 SECOND STREET N.W.,         )
WASHINGTON, D.C. 20217          )
(202) 521-0700                  )
      **DEFENDANT(S)**        )

" **COMPLAINT with Jury Demand**"

5: 10-CU-149

1.) Honorable Clerk of the Court I ask the Court to hear this case citing § Multiple Jurisdiction

2.) Litigation § 20.32} All Writs Act730 & Act731 and the necessary-in-aid of jurisdiction.

3.) I ask the Court to respectfully proceed under "18 U.S.C.A. § 3237.(a) Offenses begun in

4.)One district and completed in another, Thank you.

## Section - 1

1.) All named Defendants are guilty of conducing the violation of U.S.C. (Title 12)

2.) Chapter 43 Subchapter 1> §4201. (a) Filing of confidential declaration by

3.) private persons being me the Plaintiff which gave rise to the Defendants

1

4.) Regarding a Whistleblower case which involved adulterated drugs which

5.) the Internal Revenues and several states collected revenues penalties and

6.) Fines on said years which are in controversy 2008, 2009, & 2010 in which

7.) Civil penalties are applicable under section 1833a of this title affecting a

8.) Depository institution Insurance by the Federal Deposit Insurance Corporation

9.) And Several Federal Agencies including the Department of Justice,

10.) The United States Food & Drug Administration, United States Drug

11.) Enforcement Agency, California Department of Public Health

12.) Food and Drug Branch-Sacramento, CA., Wal-Mart Stores Inc.,

13.) Sam's Club, Company- A Division of Wal-Mart, Incorporated.

14.) All named Defendants are guilty of conducing the violation of U.S.C. (Title 12)

15.) Chapter 43 Subchapter 1> §4201. (b) The Defendants under subsection

16.) (a) of this Section failed to file with the Attorney General of the

17.) United States or with an agent designated by the Attorney General

18.) For receiving declarations under this Section.

19.) All named Defendants are guilty of failing to enforce U.S.C. (Title 12)

20.) Chapter 43 Subchapter 1> §4205. (a) In general, I the Plaintiff filed a declaration

21.) That meet the requirements of Section 4201, 4205, 4206, 4210, 4212, 4221 & 4229

22.) Of U.S.C. (Title 12).

## Section - 2

23.) All named Defendants are guilty of conducing the violation of U.S.C. (Title 15)

24.) Chapter 1 > § 6. (a) Conduct involving trade or commerce with foreign

25.) Nations, in regards to the controversy before the court the Commerce and Trade

26.) In question is adulterated pharmaceutical drugs sold by Wal-Mart Stores.

27.) All named Defendants are guilty of conducing the violation of U.S.C. (Title 15)

28.) Chapter 1 > § 6. (a) (1) the conduct had a direct and foreseeable effect

29.) On trade and Commerce of foreign nations, *see Perales, World Health Organization v.*

30.) *The United States of America* formal complaint and Petition dated January 26, 2010,

31.) Outlining the United States Violation of Declaration of Alma-Ata, International

32.) Conference on Primary Health Care, Alma-Ata, Ussr, 6-12 September 1978, which

33.) Gives rise to a claim under the provisions of sections 1 to 7 of this title.

34.) All named Defendants are guilty of conducing the violation of U.S.C. (Title 15)

35.)  Chapter 1> § 5. Bringing in additional Parties, as in the controversy

36.) In which was before the named Defendants in U.S. Tax Court failed to proceed

37.) Under U.S.C. (Title 15) Chapter 1> § 4. Jurisdiction of Courts which had pending

38.) And relating suits that required the Defendants to bring in other parties

39.) Before the Court i.e. the Internal Revenue Commissioner, Department of Justice -

40.) United States Attorney General, the United States Food & Drug Administration, United

41.) States Drug Enforcement Agency, California Department of Public Health

42.) Food and Drug Branch-Sacramento, CA., Wal-Mart Stores Inc., and

43.) Sam's Club, Company- A Division of Wal-Mart, Incorporated, citing

44.) Manual for Complex Litigation, Fourth, § *Multiple Jurisdiction Litigation § 20.32,*

45.) Manual for Complex Litigation, Fourth, § All Writs Act730 and Manual for Complex

46.) Litigation, Fourth, § Anti- Injunction Act 731 The pendency of related state and federal

47.) Actions can cause jurisdictional complexities and conflicts, leading to requests that the

48.) Federal court either stay or dismiss its proceeding or enjoin state court proceedings.

49.) Such injunctions should be a last resort, invoked only after voluntary coordination efforts

50.) Have failed such as the cases before the Defendants. *Judicial Federalism in Action,*

51.) *supra* note 687, at 1714–21.719. *See, e.g., id.* at 1702–03(describing the Ohio asbestos

52.) Litigation. The law is clear due to the complexities of the controversy which

53.) Was before the Defendants outlined in a motion for continuance in Tax Court

54.) Case No. 5664-10 Illinois, Dated May 2, 2010 that the Defendants must proceed under

55.) "18 U.S.C.A. § 3237. (a) Offenses begun in one district and completed in another,

56.) To prevent and restrain such violations. The Petitions presented to the Defendants

57.) Set forth a case praying that such violations shall be enjoined or otherwise

58.) Prohibited. When a Parties as me the Plaintiff before the Defendants complained

59.) Of Shall have been duty notified of such petition before the defendants, shall

60.) Proceed, as soon as may be, to the hearing and determination of the case;

61.) Perales v. Wal-Mart Docket No. CVO9-6452 UNITED STATES DISTRICT COURT

62.) CENTRAL DISTRICT OFCALIFORNIA - Perales v. Wal-Mart Docket No. On File

63.) United States Supreme Court. The Defendants  failed to uphold the Courts ruling in

64.) Cases cited [Fitzpatrict v. Bitzer (427 U.S. 448: 1976)] .This rulings protected individuals

4

65.) Such as myself from Rapacious injustice outside of the state where the individuals is

66.) Living, and or doing business; it also allowed civil, criminal and punitive damages

67.) Against officials, Corporations and persons who violated the law to the controversy

68.) In question before the Defendants and the Courts. The Defendants are guilty

69.) Of violation *Habeas Corpus Act of 1679* which introduced several procedural

70.) Reforms to guarantee a prompt response to applications for the Writ and to

71.) Ensure speedy trial for those accused of crime. The Act also imposed fines

72.) On Judges such as Judge John O. Colvin of Tax Court who unduly

73.) Delayed and dismissed a credible application and petition before his court.

74.) The Defendants violated law under 42 U.S.C. Section § 1983. [The Defendants

75.) At any time could of made such temporary restraining order or prohibition as shall be

76.) Necessary of the controversy in question that was before the named Defendants] thus

77.) The Defendant conduced the violations of (Title 15) Chapter 1 > § 8. Every

78.) Combination , conspiracy, trust, agreement, or contract is declared to be contrary

79.) To public policy, illegal, and void when the same is made by or between

80.) Two or more persons or corporations, either of whom, as agent or principal

81.) Is engaged in importing any article from a foreign country into the United States. In

82.) The controversy that was before the defendant the article was adulterated

83.) Imported pharmaceutical drugs into the United States contracted under violation

84.) Of (Title 21) U.S.C.  Food and Drugs Subchapter III Prohibited Acts and

85.) Penalties > § 331. (a) Delivered into interstate adulterated drugs; (b) adulterated or

86.) Misbranded drugs - Prohibited acts; intent to defraud and mislead the public subjected

86.) To criminal proceedings. The controversy before the Defendants also petitioned


87.) To proceed under (Title 21) U.S.C.  Food and Drugs Subchapter III Prohibited

85.) Acts and Penalties > § 333.Penalties (b) Prescription drug marketing violations.

88.) The Defendants conduced the violation of (Title 15) U.S.C.  Chapter 1 > § 15. ,

89.) Suits by persons injured. (a), (1) (2) (3) Amount of recovery; prejudgment interest; I was

90.) Injured in my business and property by reason of antitrust laws and petitioned

91.) The Defendant to sue in U.S. Tax Court citing I.R.C. violations and Whistleblower

92.) Proceedings for the amount in controversy and under law should have recovered

93.) Three fold the damages [tax deficiency] sustained which were collected

94.)  By the Internal Revenue Commissioner under the Federal Tort Claims Act;

95.) This is a statue; that enables private citizens as me to sue the Government in civil tort

96.) I Actions In federal court. The significance of this act allows people to sue when a

97.) Federal employee harms a third Party or private property by way of negligence, in this

98.) Controversy the third Party was me. The violations occurred from the year 2008, 2009,

99.) And 2010.The Act also allows me to sue and recover in an international Tort.

100.) The Federal Tort Act allows the liability against the federal

101.) Government if a federal Employee is acting within the scope of his or

102.) Her employment and Injures a third party as did the Defendants. I am Citing Refusal of

103.) Legislative Investigations by the Defendant; Refusal to Cooperate which resulted in

104.) Witnesses being cited for legislative Contempt.(Watkins v. United States (354 U.S.178:

105.) - 1957).The Defendants conduced the violation of (Title 15) U.S.C.  Chapter 1 > § 15e.,

106.) Distribution of damages. The Defendant failed to recover any monetary relief

107.) In my petition of action under Section 15c. (a) (1) which under this title shall -

108.) Be distributed in such manner as the Defendant discretion.

109.) The Defendant failed to exercise or authorize a civil penalty by the court and

110.) Deposited with the state as general revenues; thus allowing the Whistleblower

111.) Action to move forward giving me a reasonable Opportunity to secure my

112.) Appropriate portion [award] of the net monetary relief of the controversy

113.) That was before the Defendants.

## Section - 3

114.) The Defendants conduced the violations to (Title 42) Public Health and Safety laws

115.) U.S.C. Chapter 1 > § 97. State health laws observed by the United States;

116.) All officers of the United States shall faithfully aid in the execution of such quarantines

117.) And health laws, according to there respective power, and within their respective

118.) Precincts, and as they shall be directed from time to time, by the Secretary

119.) Of Health and Human Services; the Defendants are a Federal Authority, with

120.) Broad authority over all federal agencies courts and state and federal officials

121.) Which to my knowledge did absolutely nothing to aid in the execution

122.) Of aiding fellow officers of the court or protect the general publics interest including

123.) Me the petitioner before the Defendant with said controversy before their Court.

124.) The violations occurred in the year of 2010.

125.) The Defendants conduced the violations to (Title 42) Public Health and Safety laws

126.) U.S.C. Chapter 2 > § 89. Quarantine warehouses; erection. The Defendants

127.) Failed to petition the President for orders for suitable warehouses, with

128.) Wharves and inclosures, where merchandise i.e. {adulterated imported drugs}

129.) Can be stored for quarantine, investigations and prosecution or other restraints

130.) By the United States of America for the purpose of Public Safety.

131.) The Defendants conduced the violation of the Controlled Substance Act

132.) [ 21 U.S.C. 801 et seq.] . The Defendants conduced the violation of the

133.) Controlled Substances Import and Export Act [ 21 U.S.C. 951 et seq.]

**Section - 4**

134.) The Defendants conduced the violations of *The Sherman Antitrust Act of 1890,*

135.) This law was designed to regulate interstate business and thwart violations

136.) To United States Commerce laws which I have outlined in this Petition to the Court.

137.) The Defendants conduced the violations of The Robinson-Patman Act 1936

138.) Statue (15 U.S.C.A. § 13 (a-f) that amended Section 2 of the *Clayton Act*

139.) ( October 15 1914, ch. 323, 38 Stat. 730) this Antitrust Statue was aimed

140.) At price discrimination which was prevalent in the petition before the Defendant.

**Section - 5**

141.) Defendants are guilty of the following United States Codes.

142.)  2508. 18 U.S.C. §§ 1961–1968 (West 2003). 2509. Commission on the

143.) Judiciary, U.S. Senate, Organized Crime Control Act of 1969, S. Rep.

144.) No. 91-617, at 76 (1969). In 1969, Congress enacted the 1920 Racketeer

145.) Influenced and Corrupt Organizations Act2508 (RICO) which was

146.) Violated by named Defendants to respond to the "infiltration of

147.) Organized crime and racketeering into legitimate organizations Wal-Mart

148.) Operating in interstate commerce."2509 Congress targeted organized

149.) Crime which I am asking the court to implement onto the named

150.) Defendants through a broad statutory scheme that included severe

151.) Criminal penalties, Fines, imprisonment, asset forfeiture, 2510 and civil

152.) Remedies in an effort to undermine the economic power of

153.) Racketeering organizations as in the named Defendants in this

154.) Complaint .2511 The statute further enabled private litigants as me

155.) To act, in effect, as private attorneys general 2512 to sue for injury to

156.) Their businesses or property caused by a RICO violation.

157.) Civil RICO claims have alleged wrongs actionable under state and

158.) Common law, as well as other federal statutes.2513 Although the statute

159.)Was targeted 2508. 18 U.S.C. §§ 1961–1968 (West 2003).

160.) 2509. Commission on the Judiciary, U.S. Senate, Organized Crime Control

161.) Act of 1969, S. Rep.No. 91-617, at 76 (1969). In 1969, the President's

162.) Commission on Law Enforcement and Administration

163.) Of Justice reported that organized crime was extensively involved in

164.) Legitimate business organizations and utilized tactics such as

165.) Monopolization, terrorism, extortion, and tax evasion "to drive out and

166.) Control lawful ownership and leadership." President's Commission on

167.) Law Enforcement & Admin. of Justice, The Challenge of Crime in a

168.) Free Society (1969). 2510. 18 U.S.C. § 1963(a) (West 2003).

169.) 2511. *Id.* § 1964(c). RICO also provides for equitable relief, including

170.) Divestiture of Defendant's interest in the enterprise, restrictions on

171.) Future activities, reorganization, or dissolution. *Id.* § 1964(a). *See* **Paul**

172.) B. O'Neill, *"Mother of Mercy, Is This the Beginning of RICO?": The*

173.**)** *Proper Point of Accrual of a Private Civil RICO Action*, 65 N.Y.U. L.

174.) Rev. 172, 180 (1990). 2512. 18 U.S.C. § 1964(c) (West 2003). *See*

175.) Rotella v. Wood, 528 U.S. 549, 557 (2000)("The object of civil RICO

176.) Is thus not merely to compensate victims but to turn them into

177.) Prosecutors, 'private attorneys general,' dedicated to eliminating

178.) Racketeering activity.") .2513. For example, until the enactment of the

179.) Private Securities Litigation Reform Act, RICO claims were frequently

180.) Asserted in cases alleging securities violations. *See, e.g.,* Holmes v.

181.) Sec. Investor Prot. Corp., 503 U.S. 258 (1992); Powers v. British Vita,

182.) 57 F.3d 176 (2d Cir. 1995). *§ 35.1 Manual for Complex Litigation,*

183.) *Fourth* 690 at organized crime, courts have broadly construed RICO's

184.) Provisions, and its scope has extended well beyond its original aim.

185.) Early efforts by lower courts to restrict claims that appeared to exceed

186.) RICO's original goals were overruled by Supreme Court decisions that

187.) Broadened the statute's reach.2514 RICO claims can now be found in

188.) A variety of contexts, including insurance and business disputes,

189.) Courts and other protests,2515 consumer financial

190.) Services litigation,2516 family law,2517 and whistle-blower

191.) Actions.2518 such as the case that was before the Defendant.  RICO have

192.) Continued to expand despite significant criticism by commentators and

193.) The courts, Congress has shown little inclination to narrow the

194.) Statute's focus or reach.2519, 2514. Sedima S.P.R.L. v. Imrex Co.,

195.) 473 U.S. 479 (1985). *See* United States v. Turkette, 452

196.) U.S. 576, 581 (1981) (Congress intended RICO to reach criminal as

197.) Well as legitimate organization and breadth of statute signaled

198.) Congressional intent to supersede authority of courts to

199.) Restrict its provisions). However, the Supreme Court has

200.) Acknowledged that the statute does have some limits. *See* Reves v.

201.) Ernst & Young, 507 U.S. 170, 184 (1993) ("Congress did not intend

202.) To extend RICO liability under § 1962(c) beyond those who

203.) Participate in the operation or management of an enterprise through a

204.) Pattern of racketeering activity."); H.J. Inc. v. N.W. Bell

205.) Tel. Co., 492 U.S. 229, 239 (1989) (continuity required). This is not

206.) applicable in this case before the court because the named Defendants

207.) with malice and forethought violated 18 U.S.C. § 1951 ( Hobbs Act

208.) Extortion) , 18 U.S.C. § 1341 ( Mail Fraud ) ,18 U.S.C. § 1343 ( Wire

209.) Fraud) , 18 U.S.C. § 1349 (  Attempt & Conspiracy to Commit Mail

210.) & Wire Fraud) , 18 U.S.C. §1512 (b) ( Witness Tampering ) failure to

211.) Call me the plaintiff as a witness.  § 1030 (a) (2) (Misuse of

212.) Computer) , 18 U.S.C.  § 1963 (Criminal Forfeiture) , 18 U.S.C. §

213.) 2232 (d)  ( Interference with Electronic Surveillance ) , 18 U.S.C. §

214.) 371 ( Conspiracy ) , 26 U.S.C. § 7206 (1) ( False Statement on Tax

215.) Filing ) , 26 U.S.C. § 7206 (2) ( Aiding or Assisting False Return

216.) 18 U.S.C. § 595.

## Section - 6

217.) The Defendants conduced Interference by Administrative Employees of Federal, State

218.) Or Territorial Governments,  the Defendant conduced violation to 18 U.S.C. § 1960(a)

219.) Prohibition of unlicensed money Transmitting Business. The Defendants conduced

220.), Violation of Law Enforcement Assistance Act of 1965, The Defendants conduced

221.) Violation to 18 U.S.C.  § 3045 Internal Revenue violations, failed to enforce

222.) 18 U.S.C. § 3497. Account as Evidence of embezzlement, failing to enforce

223.) 18 U.S.C. § 3553.Imposition of Sentence. The Defendants conduced the violation of

224.) 31 U.S.C. § 5365. Civil Remedies thus Conspiring to Commit a Felony and are

225.) Accessories after the fact.

**Section - 7**

226.) The Defendants are guilty of (Chapter 73 - Obstruction of Justice 18 U.S.C.

227.) § 1514. Civil Action to restrain harassment of a victim or witness being me the

228.) The petitioner and plaintiff before the Defendant. I am a homeless indigent

229.) Person who has been forced to sleep in my car, dependant on local churches

230.) For food and basic necessities at no fault of my own.

231.) The Defendants are guilty of conducing violations to 42 U.S.C. § 1983 and

232.) I respectfully ask that the Defendants do not have immunity under United States and

233.)  International law .I am respectfully requesting a trial by Jury.

234.) I am asking requesting ($ 100.000.000.000.00) one hundred billion dollars

235.) To be awarded to me in punitive, compensatory and civil damages for the

236.) Violations by the Defendants outlined in this complaint. Or I am requesting an

237.) Award by the jury in the amount in which they feel is applicable and just for the

238.) Violations to the law and me the Plaintiff outlined in this case before the court.

SIGNITURE_____

AZAEL DYTHIAN PERALES
POST OFFICE BOX 501
FULLERTON, CALIFORNIA, 92836

Dated: **06 /13/ 2010**

13